Thank you, Madam Clerk. May it please the Court, the Clerks, I'd like to reserve five minutes for Roboto-Levini. In this case, I think the case, the briefs, the transcripts pretty much set out sort of pathetic aspects of Ms. Resterhouse's life. My colleagues in Louisville, sometimes when we're looking at a case here, we try and think how does this somehow relate to Western literature, but this didn't seem to be a Wuthering Heights kind of case. Rather, it seemed to be something out of a Lifetime cable movie. Weeds, some show about a lady who sells marijuana on the side to make ends meet, that then gets transformed when Mr. Redding intervenes and talks Ms. Resterhouse into an episode of Breaking Bad, which is a show about a generally decent guy who, under circumstances, starts to sell methamphetamine. And like the whole story arc of Dr. Faustus, you know, everything really goes to the devil. But this is still, this is more, this is still that pathetic case. Ms. Resterhouse is not a drug mastermind. She is a woman who was doing the wrong narcotics and who was doing the wrong things. Once she cleaned up pharmaceutically, she began to cooperate, as best I can tell, completely with the government regarding her conduct and that of others. So this leads us to the point, not that she's not guilty of the offense, but what is the fair and just sentence for her offense? Going back to Booker, procedural due process as well, you know, the guidelines aren't mandatory, but they are an important start so that we are assured that, as a trial judge, you look at each of these careful points that we have developed over time to see what's fair and just. The safety of our provision, which is What is the standard we're using here to review what the trial court did? First and foremost, we're saying, as a matter of law, her conduct, the issue that Judge Donkers objected to, the telephone call where she said, this guy, this guy that hurt me and took my money, get him. We're saying, as a matter of law, that is outside of relevant conduct as set out in 1B1, in Section 2. Did she raise that before the trial court? Did she say that this was not related to the conduct, the offense conduct, that this was not relevant conduct? Wow. They went on at length about that not being, this being something separate. Their primary focus was these weren't credible threats. What? Credible? These were not credible threats. These were not true threats, so it wasn't really an act of violence. So we would have to review Judge Donkers' determination that they were credible threats for abuse of discretion. Ms. Resterhaus would contend that there is sufficient discussion that it would be a de novo review of his legal decision to deny her this credit because, in fact, it was not conduct related to the offense. I renew my question. Where will I find, in the sentencing transcript which I read, that she raised that before the judge? I will have to review to be sure, but I do not believe it was expressly raised as a matter of law. I believe that is correct. Did he? Now what is the standard that we are using? I would go with abuse of discretion because, since it's clearly contrary to law for him to do so, that would constitute an abuse of discretion by the court. I'm going to give you points for that, but I'm struggling to see how you get there. Yes, ma'am. I'm struggling to see how you get there. In other words, there was an enormous amount of discussion on the record about this, about who she was and how bad she felt about this and, you know, could she really have expected that this was going to be carried? All of that, but that did not encompass a claim that it didn't have anything to do with the underlying offense, which is what you are now raising and saying that we should be looking at, as a matter of law de novo, that specific thing. I don't see how we get there. You weren't there. I know that. You're here on appeal. You're right. It is my job to fill this hole. I would contend this is not plain error because they objected to the characterization of her disqualification for the safety valve for this as an act of violence. That the discussion was primarily about was this a true threat went one way, but the district court itself also didn't raise the issue that this is, you know, do you dispute this? Is this or is this not part of the offense? Even if a plain error standard were to apply, we would contend this is still clear. It is error and it's on the face of the record because both the pre-sentence report, the plea colloquy, and even the discussion at sentencing pretty well details the course of these events. This issue where Slack beat her and took her money was just unrelated to the methamphetamine operations, which under 1B1, the relevant conduct, preparatory, the act of offense. Does the safety valve really require that it has to be related? Because maybe this is just all something we don't even need to worry about, although I don't think it was raised. But does the safety valve require that? I thought the safety valve just said one of the factors was that somebody hasn't engaged in this kind of conduct, regardless of what it's related to. Oh, well, it has not been addressed in this circuit, but the cases we've cited in fact say the violence must be connected to the offense. Now, most of the cases talk about the presence of a firearm, but that's in part because 3553 says no act of violence and no firearms. But the case law, I believe in this district, does say if you can show that the firearm was not possessed in connection with the offense, then it is not a disqualifying factor under the safety valve. So in other words, if you can show that the offense here, meth dealing and then while she's in jail, detoxing, Redding, the guy that began all this, calls her and she's ... I'm talking about the offense she's convicted of that you're saying this call is not related to. The drug conviction. Possession for ... Not a drug conviction. I mean, the call was related to drugs. He was stealing her drug proceeds, right? Well, he had stolen the stuff, but it was not ... He wasn't part, as best I can tell ... The reason that she presumably or maybe or arguably wanted him killed was what? That he had ... He had broke ... Taken her ... As part of a fight involving money that she gave, which was drug money that he used for his own purposes. Yes. Why isn't that a connection to the crime? I mean, we can argue about the scope of review, but it just seems to be connected to me. 1B1 talks about what is relevant conduct. If it's ... The offense is over at this point. She's on the run. Conduct after that can be considered relevant conduct if it is related to avoiding responsibility for it. Now, her running was trying to avoid responsibility, but his act of beating her and stealing that was something separate. There's no causal connection. He took her money for that, meaning her drug funds. Yes. He took her money. I don't know whether he knew if they were drug money or not, but he took her money and beat her. I don't know if Slack knew that this was drug proceeds, although he, I think, was a criminal too, and why he beat her ... I mean, that's gratuitous. There's no reason to beat somebody that badly. That's causally separate from the drug offense. She's already in jail at this point. The cases we've cited that are non-firearm related, when they engage in an act of violence, it is somehow connected to trying to avoid responsibility. If it is after the crime's completed, then the act of violence must somehow relate to avoiding responsibility. The two cases that we cite in our 28J letter, one guy went out threatening to kill witnesses, so that's clearly an effort to avoid responsibility for his crime. In the other case, and there's some others, which I believe the government has also cited, people who try, when the police come to arrest you, and they ram their car into the police vehicles, well, that act of violence, that assault, is connected to your escape, which is part of the continuing course of conduct that is relevant conduct. You're making the point that whatever happened, it was in response to what he had done to her, beating her up. As a separate, independent criminal act. Assume that Redding, the father of all this, had killed Slack. That would be another crime. It would be a murder, but it would be unconnected to the meth dealing because Slack wasn't part of this. It was a vengeance killing because he beat her up badly, and I can only imagine trying to breathe with a broken breastbone. But, and took her money. So, it's a separate, independent offense. If she were charged with solicitation to hire, that would be a separate offense from the crime of conviction. It wouldn't be tied to the relevant conduct. And do we know whether the judge listened to the tape? As best I can tell, he did not. I'll defer to Mr. Lynch, but he, as best I can tell, was relying solely on paragraph 38 of the pre-sentence report and its account. So, he didn't have, he was rejecting the probation officer's conclusion, defense counsel's conclusion from listening to the tape, and the prosecutor's conclusion and summaries from listening to the tape. He didn't listen to the primary evidence. He's inferring strictly from this paragraph. And that, which we contend would be improper, also carries over to the fact that she was charged with a 5K1 departure. If you look in the judge's statement of reasons as to why he is not giving the four-point downward departure requested by the government, he gives a number of reasons. He said, and some of them straightforward, she's more competent, but he also says it's because of her threat to kill this guy. But the whole reason that he had the money that he took, which made her so, and of course the beating as well, but the whole reason he had that money was because it was part of her attempt to hide it from the investigation that was going on of the drug conspiracy. So how is there no connection there? Because his independent act of stealing it and assaulting her are separate from her effort to avoid responsibility. In fact, it defeats her efforts within this continuum of relevant conduct from the meth deal. Yes, the money came from the narcotics, as best I understand from the record. But what he did was, he didn't help her. It was nothing that was promoting her effort. It had to do with the money that came from the drug operations that she was trying to hide. Anyway, your red light is on. Right, so I'm forgetting. Where in your brief do you make this relevant conduct argument? It's going to be the thrust of your oral argument today, so I assume it's in there, but I'm not finding it right away. I will check. I would say that it's discussed in the initial brief in terms of whether or not this conduct is relevant. You could just give me the pages when you're on rebuttal. May it please the Court, my name is Heath Lynch, appearing on behalf of Plaintiff Appellee United States. While this case presents a fairly novel pattern of facts, a defendant who starts out making death threats against a co-conspirator and ends by testifying against co-defendants and others, the legal analysis is uncomplicated. Each of the three issues raised by the defendant is squarely addressed by the district court record, which indicates that that court clearly and independently considered not only the appropriate reduction to give, and then finally considered the appropriate sentencing factors and reached a sentence that the court deemed to be reasonable and appropriate for Ms. Resterhaus given her conduct. First is to the issue of the safety valve. At best here for the defendant, plain error review applies. This is a situation where the court could reasonably conclude that the defendant outright forfeited that argument. She never raised it in the district court. She certainly had the opportunity to do so. She was aware that the burden to demonstrate her entitlement to the safety valve was squarely on her, and she didn't raise the notion that this offense had been, whether the conduct was connected to the offense of conviction or even, and we'll get to that in a moment, what I believe is Ms. Resterhaus's unduly narrow view of the offense. The fact is we have a narcotics trafficking conspiracy, and while Ms. Resterhaus pled guilty to possession with intent to distribute methamphetamine, the record here in form of the pre-sentence report is replete with references to the marijuana dealing that was really intertwined with the methamphetamine dealing. The drugs are coming from the same place in California. They're being shipped to the same address in West Michigan, and the fact is Ms. Resterhaus, it would be nearly impossible to disentangle the proceeds of the marijuana trafficking from the proceeds of the methamphetamine trafficking. So when we're talking about a threat of violence here that the district court, in its judgment, determined to be sufficiently credible that it took Ms. Resterhaus outside the safety valve protection. Did the district court hear the tape? I do not believe so, Your Honor. My understanding is that the court relied upon the pre-sentence report summary of that, and I thought about that when Your Honor raised that a moment ago, and I don't recall it being made part of the record, certainly, but I also realize that it would not have been if the defendant had truly believed, as her counsel argued at sentencing, that this comment about dropping Mr. Slack was taken out of context. It would not have been a difficult thing to have made that recording part of the district court record. The fact is, she could have requested that the district court consider that recording in its full context, or considered a transcript of the recording, and made the argument that, hey, this is a situation where we have some particularly graphic language that is being given too much weight by the court. She didn't do that, despite the fact that... I'm sorry, Your Honor? But doesn't her attorney ask the court to listen to it? I don't believe... I don't believe... Your Honor, are you referring to the portion where... Well, he says, so, you know, again, I think you have to listen to the entire call. She... I think that's her speaking, correct? The defense counsel, Ms. Turek? Yeah, taking into all the considerations, as I know the court will. I mean, there's... That was in the context of credible threat, but... She didn't entirely ignore the issue. Well, clearly, she made the argument that this graphic comment was being given undue weight, that it was being taken out of context by the pre-sentence report, and then by the district court. So, did she mention it? She did, but she did really... I'm talking about listening to the tape. There's sort of a request, you know... And she... I suppose, by that point, I wouldn't say she went so far as to request or demand that it be brought onto the record at that point, and she certainly had ample opportunity to request that prior to sentencing. So, is the court driving at whether the appropriate standard of review here, or the substance of the issue? Because either way, whether the court applies plain error review or clear error review, which it ordinarily would do regarding a safety valve determination, she failed to meet her preponderance burden here, and the district court didn't commit any error in concluding that, given the reasons that it's clearly set forth on the record. The court surely, given the transcript, looked carefully at the nature of the comments, the condition that Ms. Resterhaus was in at the time, the comments of both the defense and the prosecution. I was there, and this was a situation where... It's not unheard of, but it's certainly uncommon where the parties go into a sentencing hearing agreeing about an issue, and then the district court ultimately reaches a different conclusion. And the fact is, I stood before that district court and made the argument regarding the credibility issue. And he, as is very much free to do, saw it a different way, and gave me very clear reasons, gave us, the parties, very clear reasons why he saw it a different way. And I think in this instance, there's certainly enough there on the record for meaningful appellate review, and given the standard of review that this court is to apply under these circumstances, there's no error here on the part of the district court. And, I think, almost as critically, the district court made it abundantly clear, actually used the word bottom line when referring to a 120-month sentence that the court ultimately imposed here. So, the district court actually stated that given all of the contextual factors, given her role in the offense, given the nature of the offense, given all the circumstances that the court is to consider here, that even if the court had given her that two-level reduction for the safety valve, he mentioned that the court would vary upward to reach 120 months, which the court deemed was the best sentence for her under the circumstances. You were the counsel below. I was. Well, Your Honor, maybe I should clarify. My colleague prosecuted the case, indicted the case, that after the defendants had pled guilty, he left my office, and so the case fell to me. So, I took it from sentencing... For sentencing purposes. Correct, Your Honor. That's correct. So, you're now defending a sentence that's higher than what you advocated for. Is that correct? I am. It's commendable, but I want to identify that that's what's going on here. That is the reality, yes. Yes. We asked for a greater reduction than what was given. We agree that safety valve applied, and the district court clearly disagreed. So, this is a situation, though, with respect to safety valve, that harmless error, I think, is applicable. I don't think Ms. Resterhaus can claim that any error that the judge committed, if any, affected her substantial rights, that she received a higher sentence than she should have, because he clearly said he was going to give her 120 months in any event. So, when we deal with, I'm shifting here, with substantial assistance motions, which have to come from the government, and the government can say, you know, this information was worth absolutely nothing to us, and the court can't even review that, I mean, even the sentencing court. I mean, it has to come from the government. So, when the government makes a motion and says, this is what this was worth to us, should there be any deference to that, given that it's all in the prosecutor's hands? Deference given to it by the sentencing court or by a court on review? The sentencing court. Should we require more explanation, explaining why the prosecutor's wrong? I mean, basically what the judge said is, you know, this is run-of-the-mill cooperation. It's worth two. How does the judge really know what it was worth to the prosecution, you know, without some record? I'm just asking you to respond to that. By and large, in my experience, and I guess just to be clear, I think the case law, and we cited it in our 5K motion that we filed, indicates that the district court is to give some deference to the government's view of the value of the cooperation, and I think that that is reasonable under the circumstances. We know what the cooperation is worth, but we, of course, have to set forth a basis on which the court can make an independent judgment, because the district court is, of course, the one that ultimately decides on whether to reduce and the extent of the reduction. So in this instance, I think the court did very clearly state what we were asking for, stated what we believe were the valid reasons for that reduction, and ultimately said, but you know what, I don't think it's quite as strong as what you claim it is, and I think the court's entitled to make that judgment, even though we are in a position to essentially set forth for the court's benefit the universe of information on which it can rely. That's just the reality of how the guidelines section and the statute work. But it is a situation where the district court takes a look at it, clearly says what we believe she had done and the value of it, reached a different conclusion about the value of it, And also I think it bears mentioning, mainly because the defense raised the notion that on appeal, while this court has no jurisdiction to evaluate the extent of a reduction, it does need to consider whether the district court may have relied on any impermissible factors in making that reduction. And I think the thrust of the defendant's argument here is, well, the district court relied on impermissible factors, relied too much on things outside the cooperation. And I frankly have to dispute that premise, because in the United States v. Grant, which is a decision of this court in 2011, this court made it very clear that in the 5K context, the extent of a reduction might be tempered by other factors affecting evaluation, that the district judge might wish to consider the context surrounding the initial sentence in evaluating or valuing the assistance. And if that did in fact happen here, then that's permitted. That the district court certainly, Your Honor, looked very carefully at what we said she had done, determined that it wasn't worth what we believed it was at the time, that she hadn't necessarily, it hadn't ripened into additional charges against anyone else, that she mainly testified against other defendants. It is possible that the district court looked at other appropriate contextual factors here. Any indication that the court looked at this threat while determining the extent of the 5K reduction? I don't believe so, Your Honor. But having said that... All of that was presumably in the judge's mind, I understand that. But there's no indication in the record that that was part of the safety valve analysis, but that it was part of the 5K analysis. There's not. I agree, Your Honor. I think it certainly came up in the safety valve analysis. I believe it came up again in the evaluation of the 3553 factors at the end of the sentencing hearing. But I think there is an entire section in the middle of it when we were talking about substantial assistance that there was no mention made at all of the death threats. However, I think under Grant, it would not have been inappropriate even if the district judge had. So lastly, as to the issue of reasonableness, this is a situation where we have a sentence that's squarely in the middle of a properly calculated guidelines range. I've already set forth my reasons why I believe the district court committed no procedural error. The district court considered the sentencing factors, calculated the guidelines properly, considered the defendant's arguments. No procedural error. And certainly where we enjoy the presumption that a sentence squarely within the guideline range is reasonable in a substantive sense, the defendant cannot overcome her burden here to show that there was any sort of substantive reasonableness error. And if the panel has no further questions, I have nothing to add. We do not.  Thank you. Thank you, counsel. And please, when you're finished with me, you may tell me so. I don't need the full five minutes. But first, regarding your question, on page 30 of Appellant's brief, we talk about 5C1.2 discusses violence within the context of the offense. And then we cite to Application Note 3, which states that offense means the offense of conviction and all relevant conduct. Okay. So it's on page 30 then, right? Yes, sir. Thank you. Now, but the only cases that referenced it most explicitly, in the 28-J letter, those two or three Eighth Circuit cases sort of go on at greater length about the relevant conduct, 1B1, and tying it back together. In those cases, again, the people were trying to kill witnesses, and they said, well, that doesn't work. That's clearly a threat of violence that you're trying to escape responsibility for your offense. That's clearly relevant conduct to your offense, which we would say would not apply to Ms. Resterhaus. Does this page 30 reference include discussion of relevant conduct? Not beyond saying that her conduct was, this conduct was not relevant to the conduct? This whole argument is in this one little paragraph here, but fundamental. Well, no, the whole argument is set out that 5C1 and then by reference 5K have these strict limits on what disqualifies you. And it has to be a threat of violence related to the offense. And what we're saying is this action involving Mr. Slack was not related to the offense. And so the standard by which you jug that, well, how is it causally, or legal causation, how is this connected to that offense? And we're saying there is no connection here. This is just an angry act after the completion of the offense and after the effort to escape responsibility to the offense, which is her attempt to escape. She's already in custody. Slack is not a witness in this matter. Killing him doesn't do anything to impact the offense with which she is charged, assuming it went to that extreme. That would be a very bad thing to have done. I'm trying to find out where it is in here. It's basically on these two pages then, right? Yes, it's the very bottom above footnote 7, which is to the pre-sentence report. Thank you. And he talks about the disqualifying factor under 3553. The language mirrored in 5C1. This issue regarding effort to hurt Slack is replicated both in denial of the two points under the safety valve, bless you, but also under his refusal to give the full four points of a downward departure as requested by the government because he cites that as being one of the reasons, albeit one of several reasons. Even though he says that he would still give her – sorry. No, no. I would say it's that time of year, but it's 12 months of allergy season now. That doesn't immunize your decision. Your decision is okay once you have properly done the procedures to show you have fully considered everything that would go into her sentence, and then you can decide I want to make a downward departure, proper notice, or I can make a variance. There are a couple of cases out of other circuits that sort of talk about this, and in the context of 5K1 saying you have to do – you've got to give the departure in 5K1 if the criteria are met. But that doesn't mean you have to give that reduced sentence because once you've made your guidelines calculation, even counting these departures, then you go over to 3553 and make your final decision as to what is a proper and just sentence. So if we were to agree with you and send this back, the district court would impose the same sentence because he made it clear that that was the appropriate sentence regardless? Except he did so under a flawed analysis of the guidelines. So procedural due process says, no, you've got to do it right first. Then you can consider all of these factors. Once we know you've properly considered all of these factors, now you can consider whether you wish to make each style of this a departure. I would think it would be a variance, but either way, then you make the variance. You set out your reasons, which then this court would then decide, are these sufficient to say this is a reasonable sentence? It would pretty much obviate the issue of procedural unreasonability, if that's even a word. But arguably that would fit within the judge's discretion. Thank you, counsel. Thank you, ma'am. The case will be submitted and there being nothing further to come before the court this morning, we may adjourn the court.